UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSTIN JONES, by
AMY JONES, guardian,

        Plaintiff,                      Civil Action No. 16-cv-13793

        v.                              District Judge Victoria A. Roberts

COMMISSIONER OF               Magistrate Judge Mona K. Majzoub
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Dustin Jones seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that he is not entitled to supplemental security income benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 14) and Defendant's Motion for Summary Judgment (docket no. 15). The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 4.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

I.     RECOMMENDATION

For the reasons stated herein, the court should **GRANT** Plaintiff's Motion for Summary Judgment (docket no. 14), **DENY** Defendant's Motion for Summary Judgment (docket no. 15), and remand the case to the Commissioner under sentence four of 42 U.S.C. § 405(g).

## II. PROCEDURAL HISTORY

On April 7, 2014, Plaintiff applied for supplemental security income, alleging that he has been disabled since August 14, 2014 due to physical and mental impairments. (TR 19.) The Social Security Administration initially denied Plaintiff's claims on August 14, 2014. On November 3, 2015, Plaintiff appeared with a representative and testified at a hearing before Administrative Law Judge (ALJ) Melissa Warner. (TR 38.) On December 23, 2015, the ALJ issued an unfavorable decision on Plaintiff's claims. (TR 19-33.) Plaintiff requested a review of the ALJ's decision with the Appeals Council, which was denied on August 31, 2016. (TR 1-8.) On October 25, 2016, Plaintiff commenced this action for judicial review, and the parties filed dispositive motions, which are currently before the Court.

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief summary of his medical issues and hearing testimony. (Docket no. 14, pp. 6-11.) In addition, the ALJ summarized Plaintiff's medical record (TR 21-31), and Defendant deferred to the ALJ's summary (docket no. 15, p. 6). Having reviewed Plaintiff's medical records and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff did not engage in substantial gainful activity since April 7, 2014, his application date. (TR 21.) In addition, the ALJ found that Plaintiff had the following severe impairments: "a history of traumatic brain injury and unspecified depressive disorder."

(TR 21.) Nevertheless, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (TR 23.) In addition, the ALJ determined that:

> [Plaintiff has the capacity] to perform a full range of work at all exertional levels but with the following nonexertional limitations: No climbing ladders and the like and no exposure to obvious hazards. [Plaintiff] can also: understand, carry out and remember simple instructions where the pace of productivity is not dictated by an external source over which [Plaintiff] has no control such as an assembly line or conveyor belt; make judgments on simple work, and respond appropriately to usual work situations and changes in a routine work setting that is very repetitive from day to day with few and expected changes; and respond appropriately to supervision, but not with the general public, and to occasional contact with coworkers where there is no working in team or tandem with coworkers.

(TR 25.) On the basis of this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that jobs exist in significant numbers in the national economy that Plaintiff could perform. (TR 75-80.) Consequently, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time since April 7, 2014, the date of Plaintiff's application. (TR 32.)

## V.    LAW AND ANALYSIS

### A.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try

cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the Court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

**B.     Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

4

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.  Analysis**

Plaintiff contends that the ALJ committed two errors. First, Plaintiff asserts that the ALJ erred by assigning only "some weight" to the opinion of Dr. Thomas S. Rosenbaum. (Docket no. 14, p. 12.) Second, Plaintiff alleges that the ALJ's credibility determination is not supported by substantial evidence. (*Id.* at 15.) These objections will be addressed in turn below.

*1. Assessment of Dr. Rosenbaum's Opinion*

Plaintiff contends that the ALJ erred by assigning only "some weight" to Dr. Rosenbaum's opinion, alleging that "none of the ALJ's stated reasons for discrediting Dr. Rosenbaum's opinion withstand scrutiny and his opinion is consistent with the remainder of the record, [and that] it should have been assigned more weight." (Docket no. 14, p. 14.) Plaintiff further contends that had Dr. Rosenbaum's limitations been incorporated in the RFC, the VE would have determined that Plaintiff was disabled from competitive employment. (*Id.* at 13.)

ALJs must "evaluate every medical opinion [they] receive" by considering several enumerated factors, including the nature and length of the doctor's relationship with the claimant and whether the opinion is supported by medical evidence and consistent with the rest of the record. 20 C.F.R. § 404.1527(d). Even with respect to non-treating physicians, such as Dr. Rosenbaum, the ALJ's decision still must say enough "to allow the appellate court to trace the path of [her] reasoning." *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (citing *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir.1995)).

As set forth above, the ALJ determined that Plaintiff has the capacity to perform a full range of work at all exertional levels subject to certain nonexertional limitations, including being limited to work that involves "simple instructions" with a pace that is "not dictated by an external source" in a "routine work setting . . . with few and expected changes." (TR 25.) In reaching this determination, the ALJ summarized a report prepared by Dr. Thomas S. Rosenbaum, who concluded that Plaintiff has a "mild neurocognitive disorder, which causes ongoing difficulties in the areas of cognitive shifting, transitions, emotional regulation, and short-term memory." (TR 27.) As a result of this diagnosis, Dr. Rosenbaum concluded that Plaintiff "would likely require ongoing supports in some areas of daily functioning," and opined that Plaintiff would benefit from, *inter alia*, the following vocational accommodations:

- Part-time work [with a potential transition to full-time status] that involves a structured routine and a minimal number of concrete, repetitive tasks.

- Timers or alarms might be used for time management, as applicable. Visual cues, such as signs, checklists or posters, could be used to cue new tasks, as necessary. Diagrams or flowcharts might be utilized for problem solving.

- Allowance for "over-learning" of new skills using repetition. It would also be "of benefit" to use "memory aids" including tape recorded messages, pagers, or timers.

- Changes in the work environment should be kept to a minimum.

6

(TR 513-14.)

The ALJ stated that Dr. Rosenbaum's assessment was "not a function-by-function assessment" and that his "findings are not in vocationally specific terms." (TR 27.) However, the ALJ concluded that Dr. Rosenbaum's "overall findings support [Plaintiff's] ability to perform some level of work with appropriate limitations." (*Id.*) Ultimately, the ALJ gave "some weight" to Dr. Rosenbaum's opinion, noting that the prescribed limitations "are not fully supported by the findings of Dr. [Seth] Warschausky." (*Id.*)

Plaintiff objects to the ALJ's assessment, contending that Dr. Rosenbaum's opinion was stated in "vocationally specific terms" and is consistent with Dr. Warschausky's report. (Docket no. 14, pp. 13-14.) Accordingly, Plaintiff contends that the ALJ erred by failing to incorporate Dr. Rosenbaum's limitations, "specifically that Plaintiff be allowed to use timers or alarms to help with time management or tape recorded messages to help with learning new tasks." (Docket no. 17, p. 4.) Plaintiff asserts that, according to the VE, such accommodations would preclude all competitive employment. (*Id.*)

Defendant contends that, regardless of whether Dr. Rosenbaum's opinion was stated in vocationally specific terms or consistent with Dr. Warschausky's report, Dr. Rosenbaum concluded that Plaintiff should attempt to return to some form of work, subject to certain accommodations. (Docket no. 15, p. 7.) While acknowledging that the VE testified that a need to use timers, pagers or tape-recorded messages in order to learn new tasks could be "work preclusive," Defendant asserts that the ALJ "reasonably did not incorporate that aspect of Dr. Rosenbaum's opinion" because the RFC provided for "simple instructions and a repetitive work environment." (*Id.* at 8.)

On review of the relevant medical records, the ALJ's basis for disregarding the limitations recommended by Dr. Rosenbaum is not supported by substantial evidence. The ALJ provided two explanations for giving only "some weight" to Dr. Rosembaum's opinion. First, the ALJ stated that Dr. Rosenbaum's opinion was "not a function-by-function assessment" and that his "findings are not in vocationally specific terms." (TR 27.) Second, the ALJ asserted that Dr. Rosenbaum's limitations "are not fully supported by the findings of Dr. [Seth] Warschausky." (*Id.*) Neither explanation withstands scrutiny.

With respect to the first critique, Dr. Rosenbaum engages in a thorough analysis of Plaintiff's capabilities, separately addressing Plaintiff's working memory, processing speed, attention, concentration and mental control. (TR 507-14.) These findings are then translated into specific vocational abilities and limitations, including a recommendation that, "In the work place, . . . [t]imers or alarms might be used for time management, as applicable, [and] [v]isual cues, such as signs, checklists or posters, could be used to cue new tasks, as necessary." (TR 514.) Accordingly, Dr. Rosenbaum's opinion involves a function-by-function analysis that is translated into vocationally specific terms.

Regarding the second basis, a comparative review of Dr. Warschausky's opinion and Dr. Rosenbaum's assessment reveals no material inconsistency. Both doctors observe that Plaintiff struggles with processing speed, working memory and sustained attention. Notably, Dr. Warschausky's analysis is expressed in educational, as opposed to vocational, terms. However, despite this difference, Dr. Warschausky recommends limitations similar in nature to those proposed by Dr. Rosenbaum, including that Plaintiff would benefit from the use of "assistive technology" and should receive a copy of class notes. (TR 347.) Accordingly, the ALJ's decision

is not supported by substantial evidence to the extent that it relies on Dr. Warschausky's report to discredit Dr. Rosenbaum's limitations.

Although Defendant may be correct that Dr. Rosenbaum's limitations are rendered moot because the RFC limits Plaintiff to simple instructions and simple work, this rationale is not found in the ALJ's decision. Moreover, discrediting Dr. Rosenbaum's opinion is not merely "harmless error." *See Kobetic v. Comm'r of Soc. Sec.*, 114 F. App'x 171, 173 (6th Cir. 2004) (observing that an error is harmless when "remand would be an idle and useless formality," but that an error might not be harmless where "there is reason to believe that remand might lead to a different result"). In this case, the VE testified that at least two of the limitations recommended by Dr. Rosenbaum would be inconsistent with competitive employment: (1) directions or instructions in picture format and (2) use of timers, pagers, and/or recorded messages regarding work instructions. (TR 77, 80.)

### 2. *Credibility Determination*

Because the undersigned recommends that the case be remanded on the basis of the above discussion, judicial economy favors deferring analysis of Plaintiff's objection to the ALJ's credibility determination.

### 3. *Relief Requested*

Plaintiff requests that this case be remanded for a proper analysis of Dr. Rosenbaum's opinion. (Docket no. 14, p. 15.) However, Plaintiff alternatively requests that the Court remand this matter for an award of benefits. (*Id.* at 17.) The latter relief is appropriate only where "the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994). A "court can reverse the decision and immediately award benefits only if all essential

9

factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Id*.

Because the record does not contain overwhelming proof that Plaintiff is disabled, and contains some evidence to the contrary, the Court should remand for a proper analysis of Dr. Rosenbaum's opinion and should not remand for an award of benefits.

Sentence four of 42 U.S.C. § 405(g) allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Sentence four remands are appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *See Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).

## VI. CONCLUSION

For the reasons stated herein, the court should **GRANT** Plaintiff's Motion for Summary Judgment (docket no. 14), **DENY** Defendant's Motion for Summary Judgment (docket no. 15), and remand the case to the Commissioner under sentence four of 42 U.S.C. § 405(g).

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and

Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: October 30, 2017         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: October 30, 2017         s/ Lisa C. Bartlett
                                Case Manager