UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSTIN JONES, by
AMY JONES, guardian,

       Plaintiff,                                   Case No: 16-13793
v                                                        Hon. Victoria A. Roberts

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**<u>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES [Doc. # 21]</u>**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Dustin Jones ("Jones") requests that the Court award attorney fees, paid by the Social Security Commissioner ("Commissioner"). Jones requests that these fees be paid directly to his attorney.

The only issue is whether Jones timely filed his motion. The Court finds that he did. This motion is GRANTED.

    I.      Background

Jones filed a complaint against the Commissioner, appealing an administrative decision denying him Social Security benefits. The parties filed cross motions for summary judgment. Magistrate Judge Mona K. Majzoub issued a Report and Recommendation ("R&R") to reverse the Commissioner's decision, grant Jones' motion for summary judgment, and deny the Commissioner's motion for summary judgment. Neither party filed objections to the R&R, and the Court issued an order adopting the R&R and remanding the case to the Commissioner.

1

Jones filed this motion, seeking attorney fees under the EAJA. Jones asks for $2,668.75, billed at a rate of $175 per hour, to be paid directly to his attorney. He also asks for $262.75 for time spent by his attorney's staff, at a rate of $75 per hour. He attaches an affidavit itemizing these fees. In total, Jones requests $2,931.25. There is a question concerning the timeliness of this motion.

The Court finds that the motion is timely filed under Federal Rule of Appellate Procedure 4(a)(1)(B), despite *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981), and grants Jones' motion.

II. Legal Standard

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses, … , incurred by that party in any civil action … , including proceedings for judicial review of agency action, brought by or against the United States … , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A plaintiff must satisfy three conditions to recover attorney fees: "(1) [Plaintiff] must be a 'prevailing party'; (2) the Government's opposing position must have been without substantial justification; and (3) there must be no special circumstances that warrant denying relief." *DeLong v. Comm'r of SSA*, 748 F.3d 723, 725 (6th Cir. 2014).

A party seeking an award of fees must apply within thirty days of the final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The EAJA defines "final judgment" as one that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G).

III. Analysis

A. Jones' Motion Is Timely

The Commissioner agrees that Jones is the prevailing party; he obtained a judgment and remand pursuant to sentence four of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Additionally, the Commissioner does not argue that substantial justification or special circumstances warrant a denial of fees. The Commissioner concedes that Jones is entitled to an award of attorney fees, if his motion was timely filed.

The issue of timeliness depends on whether the judgment became final on November 16, 2017 via the *Walters* rule – when the Court adopted the R&R – or sixty days after that – on January 15, 2018 – via Fed. R. App. P. 4(a)(1)(B). If the Court applies the *Walters* rule, Jones would need to have filed this motion by December 15, 2017. If the Court applies Rule 4(a)(1)(B), the judgment would have been final on January 15, 2018, sixty days after it was entered. Jones would then have had until February 14, 2018, thirty days afterwards, to file his motion.

Jones filed this motion on December 20, 2017. Applying Rule 4(a)(1)(B), his motion is timely. Under the *Walters* rule, it is late.

The *Walters* rule provides that a party who fails to timely object to an R&R waives his right to appeal it. *See Walters*, 638 F.2d at 950 ("a party shall file objections with the district court or else waive [the] right to appeal"). Because no objections to the R&R were filed, under the *Walters* rule, the judgment became final on November 16, 2017, the date the Court entered its order adopting the R&R.

Under Federal Rule of Appellate Procedure 4(a)(1)(B), when one of the parties is a United States agency, a judgment becomes final and not appealable sixty days after the entry of the judgment or order. Fed. R. App. P. 4(a)(1)(B). The EAJA then grants a party thirty more days to file his application for attorney fees.

Circuit courts can use their supervisory power to adopt a rule, like the *Walters* rule, conditioning appeal upon the filing of objections to an R&R. *Thomas v. Arn*, 474 U.S. 140, 155 (1985). However, the *Walters* rule does not restrict the Sixth Circuit's appellate jurisdiction. *Id.* at 146. The Sixth Circuit recognizes that while it does enforce the *Walters* rule, it has "also noted that it plainly is not a jurisdictional rule; the court of appeals retains subject matter jurisdiction over the appeal regardless of the untimely filing or nonfiling of objections." *Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005).

Indeed, courts have applied Fed. R. App. P. 4(a)(1)(B) in determining the timeliness of a motion for attorney fees under the EAJA. *See Luther v. Comm'r of Soc. Sec.*, 2015 U.S. Dist. LEXIS 170068, *3-4 (W.D. Mich. Dec. 1, 2015), adopted by *Luther v. Comm'r of Soc. Sec.*, 2015 U.S. Dist. LEXIS 169798 (W.D. Mich. Dec. 21, 2015) ("[b]ecause the court of appeals retains the authority to accept an appeal despite a party's failure to comply with the *Walters* rule, the Court finds that the 30-day filing period … does not begin to run until the expiration of the 60-day time period articulated in Federal Rule of Appellate Procedure 4(a)(1)(B)"); *Stevenson v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 150221, *3-4 (E.D. Mich. Sept. 25, 2013), adopted by *Stevenson v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 149878 (E.D. Mich. Oct. 18, 2013) (holding that because the plaintiff filed her EAJA fee motion over one year after the deadline, pursuant to the date in which the judgment became final under Federal Rule

of Appellate Procedure 4(a)(1)(B), her motion was not timely); *Townsend v. Comm'r*, 415 F.3d 578, 581 (6th Cir. 2005) (upholding the district court's calculation, using Fed. R. App. P. 4(a)(1)(B), that the plaintiff's EAJA fee motion was untimely).

This Court applies Fed. R. App. P. 4(a)(1)(B). Under it, Jones had until February 14, 2018 to file this motion. Since he filed it on December 20, 2017, his motion is timely.

### B. Staff Fees Will Be Included In Award Amount

The Commissioner does not object to this Court awarding Jones $2,668.75 in attorney fees. Jones also requests $262.75 to cover the cost of time spent by the attorney's staff.

A plaintiff is entitled to cover the reasonable costs of legal assistant or paralegal services. *Malone v. Comm'r of Soc. Sec.*, 2015 U.S. Dist. LEXIS 142986, *2-3 (W.D. Mich. Sept. 21, 2015), adopted by *Malone v. Comm'r of Soc. Sec.*, 2015 U.S. Dist. LEXIS 142209 (W.D. Mich., Oct. 20, 2015). *See Richlin Security Service Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (holding that attorney fees under the EAJA includes fees for paralegal services); *Priestley v. Astrue*, 651 F.3d 410, 416 (4th Cir. 2011) ("the [EAJA's] authorization for reimbursement of attorneys fees includes authorization for reimbursement for work performed … by persons doing tasks traditionally performed by an attorney and for which the attorney would customarily charge the client, regardless of whether a licensed attorney, paralegal, or law clerk performed them") (internal quotations omitted).

An award of $2,931.25, which reflects Jones' total expenses, is warranted.

### C. The Award Is To Be Paid Directly To Jones

Jones requests that his fees be paid directly to his attorney. But, the EAJA provides that fees are to be awarded to the prevailing party. 28 U.S.C. § 2412(d)(1)(A).

The Supreme Court has "long held that the term 'prevailing party' in fee statutes is a 'term of art' that refers to the prevailing litigant." *Astrue v. Ratliff*, 560 U.S. 586, 591 (2010). Other sections within the EAJA "underscore that the term 'prevailing party' in subsection (d)(1)(A) carries its usual and settled meaning--prevailing litigant." *Id.* "Simply stated, the Supreme Court [in *Astrue*] has held that payment of EAJA fees must be made to the party, not his attorney, and the Court declines to disregard such clear and controlling direction." *Luther*, 2015 U.S. Dist. LEXIS 170068 at *7.

$2,931.25 is to be paid directly to Jones, and not his attorney.

IV. Conclusion

Jones' motion for award of attorney fees is GRANTED. The Commissioner must pay Jones $2,931.25.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 15, 2018