UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSTIN JONES,

    *Plaintiff*,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    *Defendant*.
_____/

CASE NO. 16-13793

HON. VICTORIA A. ROBERTS
DISTRICT JUDGE

HON. PATRICIA T. MORRIS
MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION ON PETITIONER'S
MOTION FOR ATTORNEY FEES (ECF No. 27.)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion for an award of attorney fees under 42 U.S.C. § 406(b)[1] be **GRANTED**, and Petitioner be awarded $4,761.25.

**II.    REPORT**

    **A.    Introduction and Background**

In this matter, Plaintiff applied for Title XVI Supplemental Security Income benefits, 42 U.S.C. § 1381 et seq., on behalf of her son, and the application was filed on April 28, 2014. (ECF No. 12-5, PageID.278.) Plaintiff's application was denied at the initial level (ECF No. 12-4, PageID.191–94), by the Administrative Law Judge ("ALJ")

---

[1] While this section is applicable specifically to Title II Disability Insurance benefits, this section is made applicable to Plaintiff's Title XVI Supplemental Security Income case by 42 U.S.C. § 1383(d)(2)(A). ("The provisions of section 406 of this title . . . shall apply to this part to the same extent as they apply in the case of subchapter II . . . .")

1

(ECF No. 12-2, PageID.58–75), and by the Appeals Council (*id.* at PageID.43–45). Plaintiff filed for judicial review of the claim on October 25, 2016. (ECF No. 1.) Plaintiff moved for summary judgment (ECF No. 14), and this was recommended to be granted in the Report and Recommendation on the motion (ECF No. 18). The District Court adopted the Report and Recommendation, granted Plaintiff's motion, and remanded the matter to the Commissioner under sentence four of 42 U.S.C. § 405(g). (ECF No. 19.)

Plaintiff moved for attorney fees under the Equal Access to Justice Act. (ECF No. 21.) The District Court granted the motion. (ECF No. 26.)

Following the procedure above, this case resulted in a notice of award (dated November 24, 2020) of past-due benefits owed to Plaintiff in the amount of $59,045.00. (ECF No. 27, PageID.735–54.) Now, before the Court is Petitioner Jacob C. Bender's ("Petitioner") motion for attorney fees under § 406(b)(1) of the Social Security Act, 42 U.S.C. § 406. (*Id.* at PageID.727–33.) Petitioner states that counsel for the Commissioner does not take a position on this motion. (*Id.* at PageID.728.)

**B.    Legal Standards**

"The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002). Section 406(a) addresses payment for representation in administrative proceedings before the Commissioner, whereas section 406(b) deals with payment for representation in court.

Under § 406(a)(A), where a claimant is entitled to past-due benefits, a fee may be paid to the claimant's representative for services rendered at the administrative level. That

fee may not exceed the lesser of twenty-five percent of the amount of past-due benefits, or $6,000. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

Under § 406(b), where a claimant is "represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation." 42 U.S.C. § 406(b)(1)(A). However, that award must likewise not exceed "25 percent of the total of the past-due benefits." *Id*.

The Sixth Circuit has determined that fees awarded under § 406(a) and § 406(b) are to be considered separately, such that a claimant's attorney who represents the claimant both before the Commissioner and before a court "may receive total fees exceeding twenty-five percent of the claimant's benefits award." *Booth v. Comm'r of Soc. Sec.*, 645 F. App'x 455, 457 (6th Cir. 2016).

Fee agreements should be "given the weight ordinarily accorded a rebuttable presumption;" deductions from fee agreements are generally the result of "1) those occasioned by improper conduct or ineffectiveness of counsel; [or] 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The twenty-five percent cap is used "as a starting point for the court's analysis, . . . [but] it is not to be viewed as *per se* reasonable." *Id*. at 746.

In implementing the standard set forth in *Rodriquez*, courts may consider the following factors: the skillfulness of the counsel's representation; whether counsel acted in a timely fashion; whether counsel will receive a windfall because the amount recovered was inordinately large or was obtained with minimal effort; whether the compensation

requested by counsel would result in an impermissibly high hourly rate; and whether the Commissioner has opposed the motion. *See McKinney v. Colvin*, No. 2:14-CV-168, 2015 WL 9269288, at *2 (E.D. Tenn. Dec. 3, 2015) (applying *Rodriquez*) *report and recommendation adopted*, No. 2:14-CV-168, 2015 WL 9306465 (E.D. Tenn. Dec. 21, 2015).

### C. Analysis

#### 1. Fee Agreement

On November 2, 2015, Petitioner[2] and Plaintiff agreed that Petitioner would act as her attorney for the disability claim before the Social Security Administration or U.S. District Court. (ECF No. 27, PageID.771.) In that agreement, the parties agreed that the attorney fee would be 25% of the total accrued benefits, subject to applicable law and regulation. (*Id.*)

#### 2. Petitioner's Fee Request

The Court has an independent duty to ensure the fee's reasonableness, even if the parties agree that the statutory maximum award is appropriate. *See Gisbrecht*, 535 U.S. at 807; *Tibbetts v. Comm'r of Soc. Sec.*, No. 1:12-cv-894, 2015 WL 1637414, at *3 (S.D. Ohio Apr. 13, 2015) (*adopting Report & Recommendation*). Petitioner is requesting $4,761.25 for the work performed before the U.S. District Court. (ECF No. 27, PageID.728.) Petitioner notes that a separate request was made for $10,000 at the

---

[2] In this record, there are two fee agreements by the Cooper & Bender P.C. firm. There is one agreement dated September 10, 2014 by Plaintiff and Attorney Karl Bender, and the second agreement is dated November 2, 2015 by Plaintiff and Attorneys Karl Bender and Jacob Bender. (ECF No. 27, PageID.770–71.) As Jacob Bender is the petitioner, the relevant agreement is the 2015 agreement. Further, in support of this view, Jacob Bender is the attorney of record in the Complaint. (ECF No. 1.)

administrative level. (*Id.*) Plaintiff performed 15.25 hours of work before the U.S. District Court. (*Id.* at PageID.772–73.)

### 3. Application of Local Rule 54.2

Local Rule 54.2(a) provides as follows:

> Attorneys representing clients in social security disability claims under Title II of the Social Security Act who seek District Court approval under 42 U.S.C. § 406 must file and serve a social security fee motion no later than 14 days after entry of judgment or receipt of the social security certificate award (notice of award), whichever is later.

The Notice of Award in this case is dated November 24, 2020 (*id.* at PageID.735), and Petitioner filed the instant motion on December 3, 2020 (*id.* at PageID.727–33). Therefore, the instant motion is timely under Local Rule 54.2(a).

### 4. Ineffectiveness and Impropriety

Plaintiff has not indicated opposition to this motion, and the Commissioner has not taken a position on this motion. No party has suggested that Plaintiff's counsel acted improperly or ineffectively, and the Court has no reason to believe otherwise. *See Wummel v. Comm'r of Soc. Sec.*, No. 12-14860, 2016 WL 245287, at *2 (E.D. Mich. Jan. 21, 2016) ("As neither party has alleged that Petitioner engaged in improper conduct or expended only minimal effort in this matter, the Court's inquiry turns to [other issues]."); *Amerson v. Comm'r of Soc. Sec.*, No. 12-14395, 2015 WL 5216716, at *2 (E.D. Mich. Aug. 31, 2015) (addressing the attorney's effectiveness and propriety by merely noting that "[i]n this case, there is no suggestion that Ms. Guerra behaved improperly or was ineffective"); *Drenning v. Comm'r of Soc. Sec.*, No. 12-13470, 2014 WL 4705113, at *4 (E.D. Mich. Sept. 21, 2014) (same).

5

### 5. Delay

The Sixth Circuit has held that "[a] court should not look kindly at an attorney's pattern of consistently pushing [the] time limitation to the last day possible before filing a request or response" because a claimant's "lawyer is almost always financially served by delay in a final decision on the claim." *Rodriquez*, 865 F.2d at 747. The Supreme Court has similarly provided that where an "attorney is responsible for delay . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. 789, 808.

In this matter, I find that there was no delay at this stage of the case that was attributable to Petitioner.

### 6. Effort, Windfall, and Rate of Payment

Petitioner indicates that he spent 15.25 hours on this case before the U.S. District Court. (ECF No. 27, PageID.772–73.) This does not include time related to the EAJA motion. (*Id.*) He now seeks $4,761.25, which effectively is an hourly rate of about $312.21. In *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990), the Sixth Circuit held that "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." Only when "the calculated hourly rate is above this floor . . . may [the court] consider arguments designed to rebut the presumed reasonableness of the attorney's fee." *Id.*

In *Sykes v. Comm'r of Soc. Sec.*, 144 F. Supp. 3d 919, 924 (E.D. Mich. 2015), District Judge David Lawson noted that the "Sixth Circuit . . . never has endorsed any

particular nominal figure or ideal multiplier for the 'standard hourly rate' applicable to the litigation of civil actions under the Social Security Act." Courts in this circuit have regularly found "standard rates" that varied from under $200 per hour, *see Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 310 (6th Cir. 2014), to just over $500 hourly, *see Drenning v. Comm'r of Soc. Sec.*, No. 12-13470, 2014 WL 4705113, at *4 (E.D. Mich. Sept. 21, 2014). In one recent case, District Judge Lawson concluded that the ninety-fifth percentile of rates for public benefits attorneys in Michigan was $395 per hour, and that this figure was the "upper bound for the 'standard rate.'" *See Sykes v. Comm'r of Soc. Sec.*, 144 F. Supp. 3d 919, 926 (E.D. Mich. 2015). In sum, the requested hourly rate in this case of $312.21 per hour falls below double the standard rate and is thus *per se* reasonable.

It is noted that within the 2020 Economics of Law Practice of the State Bar of Michigan, the median hourly rate of attorneys in administrative law or civil litigation range from $296 to $300 per hour. Further, the administrative record in this case was 581 pages (ECF No. 12), and Petitioner's motion for summary judgment and the reply were, together, 28 pages (ECF Nos. 14, 17).

### D. Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that the motion for attorney fees under 42 U.S.C. § 406(b) be **GRANTED**, and that attorney fees be awarded to Plaintiff's attorney in the amount of $4,761.25.

Further, under 28 U.S.C. § 2412 note, Petitioner shall refund the EAJA fee to Plaintiff.

## III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 16, 2021                    S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge